# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JIM PENNYCUFF, )
)
       Plaintiff, )
)
v. ) Case No. CIV-14-949-M
)
JACK MCNUTT, in his individual )
capacity and MIKE HENLEY, )
in his individual capacity, )
)
       Defendants. )

## ORDER

Before the Court is Defendants' Motion to Dismiss, filed December 8, 2014. On January 8, 2015, plaintiff responded, and on January 15, 2015, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

Plaintiff was employed with the Oklahoma Corporation Commission ("OCC") from July 30, 2012 through December 10, 2013 as a motor vehicle enforcement officer. Plaintiff alleges two separate instances where he informed his supervisor Sargent Gary Hewett ("Hewett") of wrongdoing by other OCC employees. The first instance was in or about August 2012 when plaintiff alleges he informed his supervisor that he discovered a computer generated wagering bracket created by OCC employee Ricky Lawrence ("Lawrence") for personal use on one of the OCC computers. Plaintiff alleges that Lawrence was subsequently promoted. Plaintiff next alleges that in or about October 2012, he discovered and reported to Hewett that OCC employee

---

[1] The facts set forth in this introduction are taken from Plaintiff's First Amended Complaint.

Cheryl Harris ("Harris") accepted beer from an Anheuser Bush delivery truck in return for allowing overweight vehicles to pass through a weight station.

Plaintiff alleges that on November 26, 2013, he met with defendants Jack McNutt ("McNutt") and Mike Henley ("Henley") to discuss an email stating that plaintiff had made a disparaging remark about Hewett. Plaintiff alleges that he denied making the remark, and that Henley told him that he was very promotable and his job was not in jeopardy. Plaintiff also alleges that later on that same day he told McNutt about the illegal activities of Lawrence and Harris. Plaintiff then alleges that he observed a change in McNutt's conduct towards him, that McNutt refused to speak to plaintiff after he informed McNutt of the other employees' actions, and that McNutt referred to him as "shit for brains" in front of other employees. Plaintiff alleges that he was terminated from his employment on December 10, 2013.

Plaintiff alleges that reporting of the illegal activities impacting tax payer funds constitutes protected free speech pursuant to the First Amendment; that he was exercising his right to freedom of speech; and that his termination was in retaliation for exercising his constitutional right of freedom of speech, which was a violation of 42 U.S.C § 1983. Defendants now move this Court to dismiss plaintiff's claim because (1) they are entitled to qualified immunity; and (2) plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Discussion

### A. Treating Defendants' Motion as a Motion for Summary Judgment

In his response, plaintiff asserts that the Court should convert defendants' motion to dismiss to a motion for summary judgment because defendants have presented matters outside of the pleadings. *See* Federal Rule of Civil Procedure 12(d) ("If, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Court has thoroughly reviewed defendants' motion to dismiss, and while the Court finds that defendants have presented a version of the facts that slightly differs from plaintiff's alleged facts, these slight differences can be excluded by this Court. The Court, therefore, will not convert defendants' motion to dismiss to a motion for summary judgment.

B. Qualified Immunity

Defendants assert that plaintiff's 42 U.S.C. § 1983 claim should be dismissed because they are entitled to qualified immunity. "When a defendant pleads qualified immunity, the plaintiff has the heavy burden of establishing: (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Scott v. Hern*, 216 F.3d 897, 910 (10th Cir. 2000) (internal citations omitted). "To be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). A plaintiff can demonstrate that a constitutional right is clearly established "by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Id.* "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Defendants assert that (1) they did not violate plaintiff's First Amendment rights; and (2) that the law is not clearly established as to whether defendants violated plaintiff's First Amendment rights. Plaintiff contends that his First Amendment right to freedom of speech was violated because his speech related to a matter of public concern and that the law is clearly established. In order for plaintiff's First Amendment right to freedom of speech to have been violated, the Court must determine if his speech was protected. To determine the scope of an employee's speech the Tenth Circuit uses the *Garcetti-Pickering* analysis.

> First, the court must determine whether the employee speaks pursuant to [his] official duties. If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech simply reflects the exercise of employer control over what the employer itself has commissioned or created. Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern. If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends. Third, if the employee speaks as a citizen on a matter of public concern, the court must determine whether the employee's interest in commenting on the issue outweighs the interest of the state as employer. Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a "substantial factor or a motivating factor in [a] detrimental employment decision. Finally, if the employee establishes that his speech was such a factor, the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech.

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202-03 (10th Cir. 2007) (internal citations and quotations omitted).

"[I]f an employee engages in speech during the course of performing an official duty and the speech reasonably contributes to or facilitates the employee's performance of the official duty, the speech is made pursuant to the employee's official duties." *Id.* Defendants contend that

plaintiff's speech was made pursuant to plaintiff's role as a motor vehicle enforcement officer and, therefore, is not considered protected speech. Plaintiff alleges in his First Amended Complaint that he reported the incidents of Lawrence and Harris because he was a concerned citizen and, therefore, his speech involved matters of public concern.

Defendants assert that plaintiff makes a broad allegation that his remarks were made as a matter of public concern, but provides no factual allegation to support his claim. Defendants further assert that, "[p]laintiff's only concern was his desire to make his co-workers look bad in the face of [p]laintiff's own reprimand."[2] Def. Mot. Dis. at 9. Plaintiff, in his response, fails to provide any assertion or analysis based on the *Garcetti-Pickering* framework as to how his remarks were made outside of his official duties as a motor vehicle enforcement officer and as a matter of public concern. The only response plaintiff provides which address defendants' assertion that his comments were made pursuant to his official duties as a motor vehicle enforcement officer is as follows:

> If proven these facts establish a First Amendment violation because the speech involved related to a matter of public concern. "Matters of public concern" which are protected as free speech under the First Amendment, are those of interest to the community, whether for social, political or other reasons. ***Brammer-Hoelter v. Twin Peaks Charter Academy,*** 492 F.3d 1192 (10th Cir, 2007) [sic] Furthermore, the particular First Amendment violation alleged by Plaintiff is clearly established. "Statements revealing official impropriety usually involve matters of public concern for protected speech purposes." **Id. at 1205;** ***Lighton v. University of Utah,*** 209 F.3d. [sic] 1213, 1224 (10th Cir. 2000) [sic]

Plf.'s Resp. at 6.

---

[2] Plaintiff takes issue with defendants' assertion that plaintiff only made these remarks to make his co-workers look bad and contends that this information is outside of the pleadings and the Court should not consider this information. However, the Court finds that defendants are not presenting any information that is outside of the pleadings, but contending that plaintiff's remarks are not protected speech because he did not make them as a matter of public concern.

Having carefully reviewed plaintiff's First Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff's remarks concerning Lawrence and Harris' actions were made pursuant to his official duties as a motor vehicle enforcement officer and not as a matter of public concern. Plaintiff conclusively without providing any factual or authoritative support determines that his remarks were a matter of public concern and that as a result defendants violated his First Amendment right.

> In determining whether speech pertains to a matter of public concern, the court may consider the motive of the speaker and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest. Statements revealing official impropriety usually involve matters of public concern. Conversely, speech that simply airs grievances of a purely personal nature typically does not involve matters of public concern. In deciding what is a matter of public concern, we are required to consider the content, form, and context of a given statement, as revealed by the whole record.

*Brammer-Hoelter*, 492 F.3d at 1205 (internal citations and quotations omitted). Plaintiff alleges in his First Amended Complaint that he advised McNutt of the illegal activities of Lawrence and Harris after he had had a discussion with defendants regarding disparaging remarks he made about Hewett. Looking at plaintiff's First Amended Complaint as a whole, it reads as though plaintiff was airing out a personal grievance for events that occurred more than a year prior to plaintiff having the discussion with defendants. Furthermore, while the duty of reporting Lawrence's misuse of OCC computers and Harris' failure to enforce state size and weight laws may not formally be listed in plaintiff's job description, this action would be more in the realm of acting in pursuant of official job duties, than acting as a matter of public concern. *See Garcetti v. Ceballos*, 547 U.S. 410, 424-25 (2006) ("Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an

employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes.") Plaintiff has failed to meet his heavy burden of establishing defendants violated his First Amendment right and, therefore, defendants are entitled to qualified immunity. Further, as of result of plaintiff's inability to establish that his First Amendment right has been violated, plaintiff has failed to state a claim upon which relief can be granted and, therefore, this case should be dismissed.

III. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss [docket no. 13] and DISMISSES this case.

**IT IS SO ORDERED this 5th day of March, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE